IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN FLORES, G-28984,  )<br>              Petitioner,  )<br>   vs.  )<br>MIKE McDONALD, Warden,  )<br>              Respondent.  )<br>_____) | No. C 10-4238 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket # 2 & 3) |

Petitioner, a state prisoner incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Monterey County Superior Court. He also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of second degree murder and unlawful possession of a firearm. The jury further found that petitioner personally used a firearm during the commission of the murder and that both offenses were

committed for the benefit or in association with the Sureño criminal street gang. Petitioner admitted having served a prior prison term. In a related case, petitioner entered a negotiated guilty plea to possession of methamphetamine for sale, on condition that he receive a two-year sentence to be served concurrent with the sentence in the murder case. The trial court sentenced petitioner in the two cases to 46 years to life and imposed restitution fines of $10,000 and $400.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on March 24, 2010 denied review of a petition raising the same claims raised here.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including ineffective assistance of counsel, instructional error, evidentiary error and cumulative prejudice. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

/

C.  Request for Appointment of Counsel

Petitioner's request for appointment of counsel (docket # 3) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2.  The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been

1    transcribed previously and that are relevant to a determination of the issues
2    presented by the petition.
3         If petitioner wishes to respond to the answer, he shall do so by filing a
4    traverse with the court and serving it on respondent within 30 days of his receipt
5    of the answer.
6         4.   Respondent may file a motion to dismiss on procedural grounds in
7    lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
8    Rules Governing Section 2254 Cases. If respondent files such a motion,
9    petitioner shall file with the court and serve on respondent an opposition or
10   statement of non-opposition within 30 days of receipt of the motion, and
11   respondent shall file with the court and serve on petitioner a reply within 15 days
12   of receipt of any opposition.
13        5.   Petitioner is reminded that all communications with the court must
14   be served on respondent by mailing a true copy of the document to respondent's
15   counsel. Petitioner must also keep the court and all parties informed of any
16   change of address.
17   SO ORDERED.
18   DATED:   Feb. 14, 2011              _____
                                         CHARLES R. BREYER
19                                       United States District Judge

28   G:\PRO-SE\CRB\HC.10\Flores, A1.osc.wpd          4